**Sk Mahbubur RAHMAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–71264.

INS No. A70–642–062.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM[2]

Sk Mahbubur Rahman, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C.

tion, such as role in the offense or acceptance of responsibility. *See* U.S.S.G. § 1B1.1.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publi-

§§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[3] We deny the petition for review.

 We review for an abuse of discretion the BIA's denial of asylum and for substantial evidence factual determinations, including the determination that the applicant has not established eligibility for asylum. *Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993). We will uphold the decision unless the evidence compels a contrary result. *Id.* We review de novo alleged due process violations in deportation proceedings. *Hartooni v. INS*, 21 F.3d 336, 339–40 (9th Cir.1994).

 Substantial evidence supports the BIA's finding that Rahman did not present "credible, direct, and specific evidence" to support a reasonable fear of persecution on account of his political opinion. *See Ghaly v. INS*, 58 F.3d 1425, 1428 (9th Cir.1995) (internal quotation omitted). Rahman did not "demonstrate that any reasonable factfinder would have to conclude that he has a well-founded fear of persecution." *See id.* at 1431 (internal quotation omitted).

The BIA did not err by failing to address Rahman's newly introduced facts in his notice of appeal and brief to the BIA. *See* 8 C.F.R. § 3.2.

We are convinced that Rahman had an adequate opportunity to provide evidence and testimony to the IJ. *See Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998) (stating that the Due Process Clause does not preclude an IJ from asking questions of witnesses).

---

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30,

Because Rahman failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Ghaly*, 58 F.3d at 1429.

PETITION FOR REVIEW DENIED.

---

1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).