Pilar COJON–PEREZ, Petitioner,

v.

John ASHCROFT, Attorney General; Thomas Schiltgen, Respondents.

No. 01–70247.

I & NS No. A76–284–572.

United States Court of Appeals, Ninth Circuit.

Submitted on Feb. 7, 2002*.

Decided Feb. 11, 2002.

---

\* This panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

Pilar Cojon–Perez ("Cojon–Perez"), a Guatemalan citizen, appeals from a final order of removal by the Board of Immigration Appeals ("BIA"). We find sufficient evidence in the record to deny asylum and withholding of removal in this case and therefore affirm.

Cojon–Perez is eligible for a discretionary grant of asylum from the Attorney General if she can establish that she is a "refugee," defined as an individual unable or unwilling to return to her country because of "a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Cojon–Perez asserts that she is eligible for asylum because she has a well-founded fear of persecution based on her membership in a particular social group. In support of this claim, Cojon–Perez primarily asserts that, in 1979, guerillas stole from her and threatened to kill her if she did not provide them with large sums of money.

On March 4, 1999, following a deportation hearing, an Immigration Judge ("IJ") denied Cojon–Perez's application for asylum and withholding of deportation. The IJ made an adverse credibility finding because of inconsistencies in Cojon–Perez's application and testimony. The IJ additionally concluded that—even taking Cojon–Perez's assertions in their "best light"—she had not met her burden of showing past persecution or a well-founded fear of future persecution. The IJ additionally denied Cojon–Perez's request for voluntary departure. On appeal, the BIA affirmed the IJ's denial of Cojon–Perez's application for asylum and withholding of deportation for the reasons set forth in the IJ's decision.

The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply to this case because removal proceedings were initiated against Cojon–Perez after April 1, 1997. See Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997). Under IIRIRA, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," and "a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(b)(4). The Attorney General's decision to grant or deny asylum "shall be conclusive unless manifestly contrary to the law and an abuse of discretion." Id.

The BIA's decision to deny Cojon–Perez asylum and withholding of deportation was not an abuse of discretion or manifestly contrary to law. As the IJ found, the record reflects that country conditions have changed significantly since 1979, such that guerilla groups have been disbanded and demobilized, and Cojon–Perez did not establish that the guerilla's alleged extortion was connected in any manner to her actual or imputed political opinion. In addition, Cojon–Perez's mother, husband and children live in Guatemala, and Cojon–Perez has returned to Guatemala several times since 1980 to care for them.

In light of the "extremely deferential" standard the court must apply when re-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

viewing the IJ's credibility determinations, there is no basis to overturn the IJ's and BIA's adverse credibility determinations. *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995).

We do not have jurisdiction to review the BIA's discretionary determination that Cojon–Perez is not entitled to voluntary departure. *Antonio–Cruz v. INS,* 147 F.3d 1129, 1130 (9th Cir.1998) (voluntary departure is discretionary decision); 8 U.S.C. § 1252(a)(2)(B)(ii) (discretionary decisions are unreviewable). We do not have jurisdiction over Cojon–Perez remaining claims because she did not administratively exhaust them by raising them before the BIA in the first instance. *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

The petition is DENIED and the decision of the BIA is AFFIRMED.