Juan ANTONIO–CRUZ, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 97–70828.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 1998.[*]

Decided July 2, 1998.

Jan Joseph Bejar and Jonathan D. Montag, San Diego, California, for petitioner.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a); Ninth Cir. R. 34–4.

John M. McAdams, Jr., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: SCHROEDER, PREGERSON, and THOMAS,** Circuit Judges.

PREGERSON, Circuit Judge:

Juan Antonio–Cruz petitions for review of a Board of Immigration Appeals ("BIA") decision denying his request for voluntary departure pursuant to § 244 of the Immigration and Naturalization Act ("INA"). He argues that the BIA abused its discretion by denying his request for voluntary departure. He also argues that he was deprived of his right to procedural due process under the Fifth Amendment by the limitations on appellate jurisdiction found in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996[1] ("IIRIRA") and by the "harsh" questioning of the immigration judge ("IJ") at his deportation hearing. We affirm.

## I.

IIRIRA's transitional rules apply to this case.[2] Under the transitional rules, we have jurisdiction to review a BIA decision unless a specified exception applies. IIRIRA § 309(c). One of the specified exceptions precludes judicial review of "any discretionary decision under section ... 244 of the [INA]." IIRIRA § 309(c)(4)(E). Section 244 of the INA gives the Attorney General discretion to grant an alien the privilege of voluntary departure. See 8 U.S.C. § 1254(e) (1996) (codifying INA § 244). Because voluntary departure is a discretionary decision under § 244 of the INA, we lack jurisdiction to consider a challenge to the BIA's decision on this question.

But Antonio–Cruz also argues that his right to procedural due process was violated by the transitional rules' limitation on judicial review of discretionary decisions and by the IJ's "harsh" questioning. This court has jurisdiction to hear due process challenges to immigration decisions. See Bagues–Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985) (reviewing, under jurisdiction granted by 8 U.S.C. § 1105a, due process challenge to immigration proceeding).[3]

Section 309(c)(4)(E) of IIRIRA does not deprive this court of jurisdiction to hear due process challenges to immigration decisions. In Kalaw v. INS, 133 F.3d 1147 (9th Cir. 1997), the petitioner sought review of a BIA order denying suspension of deportation under IIRIRA's transitional rules. We noted that § 309(c)(4)(E) precludes the appeal of certain BIA "discretionary decision[s]"[4] but that "[a]s to those elements of statutory eligibility which *do not involve the exercise of discretion*, direct judicial review remains." *Id.* at 1150 (emphasis added). We then declined to review the discretionary aspects of the BIA's order but proceeded to address the petitioner's due process arguments. *Id.* at 1152. Thus, we recognized that a BIA decision that denies due process does not involve the exercise of discretion and that § 309(c)(4)(E), therefore, does not preclude review of due process challenges. The same reasoning applies here. This court has jurisdiction under IIRIRA's transitional rules to review Antonio–Cruz's due process challenges.

---

** Pursuant to G.O. § 3.2.g., Judge Thomas has been drawn as replacement for Judge Gibson, who has become ill. Judge Thomas has read the briefs of the parties.

1. Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656 (1996).

2. Antonio–Cruz was in deportation proceedings before April 1, 1997. IIRIRA's transitional rules apply to aliens who were in deportation proceedings before April 1, 1997. *See* IIRIRA § 309(c).

3. For immigration cases commenced on or after April 1, 1997, IIRIRA repealed 8 U.S.C. § 1105a (INA § 106). *See* IIRIRA §§ 306(b) & 306(c). But where the transitional rules apply, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. IIRIRA § 309(c).

4. Section 309(c)(4)(E) states that "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the [INA]." All these sections provide for different forms of discretionary relief from deportation.

## II.

■ Claims of due process violations in deportation proceedings are reviewed de novo. *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir.1994).

### A.

■ Antonio–Cruz argues that IIRIRA's denials of appellate jurisdiction over the BIA's discretionary immigration decisions deprives him of his due process rights. We rejected an identical argument in *Kalaw*, 133 F.3d at 1152. In *Kalaw*, we held that § 309(c)(4)(E)'s limitations on judicial review did not violate the Due Process Clause. *Id.* at 1152. Accordingly, we reject Antonio–Cruz's argument that the limitations in IR-RIRA § 309(c)(4)(E) violate the Due Process Clause.

### B.

■ Antonio–Cruz next contends that the IJ violated his right to due process by conducting "the lion's share of cross-examination" in a "harsh manner and tone." Antonio–Cruz presented this challenge to the BIA, but the BIA did not address it.

Antonio–Cruz's challenge fails for two reasons. First, the Due Process Clause does not preclude an IJ from asking questions of witnesses. *Calderon–Ontiveros v. INS,* 809 F.2d 1050, 1052 (5th Cir.1986) (holding that IJ did not violate Due Process Clause by "vigorous[ly] questioning" petitioner); 8 U.S.C. § 1252(b) (1996) (indicating that IJ can "interrogate, examine, and cross-examine the alien and witnesses"). Second, Antonio–Cruz does not claim that any purported due process violation committed by the IJ prejudiced him. *See Getachew,* 25 F.3d at 845 (holding that due process challenges to deportation proceedings require showing of prejudice to succeed).

Hence, Antonio–Cruz's due process challenge to the IJ's manner of asking questions fails to establish either a violation of the Due Process Clause or the prejudice necessary to obtain relief.

## CONCLUSION

For the foregoing reasons, we affirm the BIA's decision denying Antonio–Cruz's request for voluntary departure.

AFFIRMED.