USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 99-1369

 MARIA DULCE PENA LUIS,

 Petitioner,

 v.

 IMMIGRATION AND NATURALIZATION SERVICE,

 Respondent.

 ON PETITION FOR REVIEW OF AN ORDER
 OF THE BOARD OF IMMIGRATION APPEALS
 
 
 
 
 Before
 
 Torruella, Chief Judge,
 
 Bownes, Senior Circuit Judge,
 
 and Lynch, Circuit Judge.
 
 
 
 
 Alan M. Tow, with whom Nancy B. Norman was on brief for
petitioner.

 Nelda C. Reyna, Attorney, with whom David W. Ogden,
Acting Assistant Attorney General, Civil Division, David V. Bernal,
Assistant Director, Office of Immigration Litigation, U.S.
Department of Justice, were on brief for respondent.

November 8, 1999

 
 
 BOWNES, Senior Circuit Judge. Petitioner, Maria Dulce
Pena Luis ("Luis"), seeks judicial review of what is essentially
the final administrative decision regarding deportation in this
case. This case comes before us in a tortured procedural posture. 
After an adverse ruling at her deportation hearing, Luis appealed
the decision and filed a motion to remand the case to the
Immigration Judge ("IJ") so that she could apply for adjustment of
status. The appeal was dismissed and the motion to remand was
denied. Luis then moved to reopen the proceedings. Failing at
that, she moved to reconsider that denial. The Board of
Immigration Appeals ("BIA") denied Luis's motion to reconsider on
the undisputed ground that is was untimely. It is this decision
from which she now appeals.
 Luis claims that the BIA abused its discretion in denying
the motion to reconsider and that it failed to follow its own
procedures in reviewing such a motion. Luis further claims that
the BIA's refusal to consider the motion to reconsider on the
merits amounted to a denial of due process. For reasons stated
below, we dismiss her petition.
 I. BACKGROUND 
 Luis, a native and citizen of Portugal, entered the
United States on May 6, 1988. She was admitted as a nonimmigrant
visitor and was only authorized to remain in this country until
November 5, 1988. She remained in the United States beyond that
date without authorization from the Immigration and Naturalization
Service ("INS"). 
 Without the requisite authorization from the INS, Luis
was employed by the Sweetheart Cup Company. Luis admitted that she
paid someone to provide her with a fraudulent green card, which had
her name and picture, as well as a false social security card. She
knew that the cards were fraudulent and she had no right to use
them, but admitted that she used those cards to secure employment. 
 On March 22, 1994, the INS issued an Order to Show Cause
why Luis should not be deported. At a hearing before an IJ, Luis
sought either termination of the deportation proceedings or
voluntary departure in lieu of deportation. The IJ found Luis
subject to deportation on the ground that she remained in the
United States longer than she was permitted in violation of
Section 241(a)(1)(B) of the Immigration and Nationality Act
("INA"), as amended. The IJ also denied Luis's application for
voluntary departure, as a matter of discretion, on the ground that
she had engaged in unauthorized employment which she obtained by
using fraudulent documentation. 
 Luis appealed the IJ's decision to the BIA. While the
appeal was pending, Luis's husband became the beneficiary of a
labor certification petition and was able to adjust his status, and
that of their two children, to that of lawful permanent residents. 
Thereupon, Luis filed a motion with the BIA to remand her case to
the IJ to allow her to apply for adjustment of status. The BIA
dismissed her appeal and denied her motion to remand. In
dismissing the appeal, the BIA found that, as a matter of
discretion, Luis was not eligible for voluntary departure. Finding
that Luis's motion to remand was "not accompanied by an application
for adjustment of status or an approved visa petition[,]" the BIA
denied her motion. 
 On April 11, 1997, Luis filed a motion with the BIA to
reopen her case so that she could apply for adjustment of status. 
Included with that motion to reopen was Luis's application for
adjustment of status. The BIA noted that Luis admitted to
unauthorized employment in the United States and using a fraudulent
green card and social security card. The BIA determined, based on
those admissions, and in exercise of discretion, that Luis "[did]
not merit a reopening of her deportation proceedings to adjust her
status." The BIA further noted that Luis lived in the United
States for nine years with her lawful permanent resident husband
and children. The BIA balanced those factors and ultimately denied
the motion to reopen, finding that "the respondent's equities are
outweighed by [the] adverse factors." 
 On January 14, 1998, Luis filed a motion to reconsider
the denial of the motion to reopen. This is the matter before us. 
She noted that her husband and children were able to adjust their
status to that of lawful permanent residents and stressed the
importance of family unity. The BIA denied the motion to
reconsider because it was untimely filed. The BIA did not reach a
decision on the merits of the motion to reconsider. This petition
for review followed. Luis argues that the BIA abused its
discretion when it denied, as untimely, her motion to reconsider. 
She claims that the BIA "departed from established procedures and
acted inconsistently" when it did not act sua sponte to review the
case, and that this amounts to a denial of due process. 
II. ANALYSIS
 Luis's deportation proceedings commenced prior to
April 1, 1997, and her final order of deportation was issued after
October 31, 1996. As such, jurisdiction over this petition is
governed by section 106(a) of the INA, 8 U.S.C. 1105a(a), as
amended by the transitional rules of the Illegal Immigration Reform
and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-
208, 110 Stat. 3009 (1996). In transitional rules cases, this
court has jurisdiction to hear appeals from the BIA under INA
 106, 8 U.S.C. 1105a, unless jurisdiction is otherwise
precluded. See IIRIRA 309(c)(1). 
 Generally, under the old INA, courts have recognized
jurisdiction to review (for abuse of discretion) agency decisions
denying motions to remand, reopen or reconsider. See Carter v.
INS, 90 F.3d 14, 15-17 (1st Cir. 1996); Gebremichael v. INS, 10
F.3d 28, 34 n.17 (1st Cir. 1993). IIRIRA 309(c)(4)(E) precludes
jurisdiction if, and only if, review is sought of: (1) a "decision
under" one of the enumerated sections; and (2) where such a
decision is based on a matter committed to agency discretion. Luis
seeks review of the BIA's denial of her untimely motion to
reconsider. Only this denial is before us. Luis makes three
arguments: (1) that the denial was an abuse of discretion; (2) that
the BIA should have acted sua sponte; and (3) that the BIA's
decision denied her due process. 
 The first question is whether the denial of the motion to
reconsider was a "decision under" an enumerated section. It
clearly was not. Moreover, "[s]ome components of decisions made
under the enumerated sections are not committed to agency
discretion but are instead determinations of objective facts. 
Where the decision rests on these latter grounds, review is not
precluded by 309(c)(4)(E)." Bernal-Vallejo v. INS, No. 99-1211,
slip op. at 2-3 (1st Cir. Nov. 2, 1999). 
 As the Fourth Circuit recognized in Stewart v. INS, 181
F.3d 587, 594-95 (4th Cir. 1999), some denials of such motions are
based on other statutory sections, such as INA 242B(e)(2), which
is a gatekeeper section requiring the alien to show exceptional
circumstances to be eligible for adjustment of status. Adjustment
of status, INA 245, by contrast, is an enumerated section. The
Stewart court held that 309(c)(4)(E) did not preclude
jurisdiction where the BIA's decision was based on a non-enumerated
section such as 242B(e)(2). That is, Stewart rejects the idea
that 309(c)(4)(E) precludes review just because the motion is
related to an enumerated section. See also Arrozal v. INS, 159
F.3d 429 (9th Cir. 1998) (holding that the court of appeals had
jurisdiction to hear an appeal from the BIA's denial of a motion to
reopen under 241(a)(2) of the INA, which is not one of the
enumerated sections listed in 309(c)(4)(E)).
 Luis seeks review of a denial of a motion to reconsider
the denial of a motion to reopen. This was a decision under
8 C.F.R. 3.2(a), not one of those sections enumerated in IIRIRA
 309(c)(4)(E), and it was not a discretionary decision but an
uncontested factual determination. Because it is undisputed that
the motion to reconsider was untimely, that ends the matter. We
need not discuss the issue of whether 309(c)(4)(E) would bar
review by the court of appeals had the motion to reconsider been
timely filed.
 Luis invites this court to review the BIA's decision on
the ground that the BIA failed to exercise its discretion to sua
sponte reconsider its denial of Luis's motion to reopen her
deportation proceedings. We decline the invitation because Luis
failed to exhaust her administrative remedies with regard to this
issue. "Issues not raised before the Board may not be raised for
the first time upon judicial review of the Board's decisions." 
Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992); see also
Bernal-Vallejo, slip op. at 14. Luis could have argued to the BIA
that even if the motion to reconsider was untimely, the BIA should
have exercised its sua sponte power pursuant to 8 C.F.R. 3.2(a). 
She did not and, therefore, we do not have jurisdiction to
entertain that issue. 
 Assuming arguendo that Luis would have exhausted her
administrative remedies, this court still has no jurisdiction to
review this claim because the decision of the BIA whether to invoke
its sua sponte authority is committed to its unfettered discretion. 
Therefore, the very nature of the claim renders it not subject to
judicial review. See Heckler v. Chaney, 470 U.S. 821, 831-33
(1985); Massachusetts Pub. Interest Research Group, Inc. v. United
States Nuclear Regulatory Comm'n, 852 F.2d 9 (1st Cir. 1988). 
 Apart from the situation where Congress has expressed an
intent to preclude review, 
 review is not to be had if the statute is
 drawn so that a court would have no meaningful
 standard against which to judge the agency's
 exercise of discretion. In such a case, the
 statute ("law") can be taken to have
 "committed" the decisionmaking to the agency's
 judgement absolutely. . . . [I]f no judicially
 manageable standards are available for judging
 how and when an agency should exercise its
 discretion, then it is impossible to evaluate
 agency action for "abuse of discretion."

Heckler, 470 U.S. at 830. There are no guidelines or standards
which dictate how and when the BIA should invoke its sua sponte
power under 8 U.S.C. 3.2(a). As such, it is left to the
discretion of the BIA and is not subject to review by this court. 
Therefore, this court does not have jurisdiction to review Luis's
claim that the BIA should have invoked its sua sponte authority to
reconsider her motion to reopen the deportation proceedings.
 Finally, Luis asserts that by refusing to consider the
motion to reconsider on the merits, the BIA denied her of her due
process rights. This court has jurisdiction to review Luis's due
process claim. See Bernal-Vallejo, slip op. at 13, (holding that
the due process argument "does not involve a matter that Congress
committed to agency discretion."); see also Antonio-Cruz v. INS,
147 F.3d 1129, 1130-31 (9th Cir. 1998) (finding that 309(c)(4)(E)
does not preclude review of a due process claim).
 Though the court has jurisdiction to review Luis's due
process claim, we find that this claim is frivolous. Luis argues
that because the BIA refused to consider the motion to reconsider
on the merits, she was denied her due process rights. After review
of the record, however, we find that this argument is without
merit. In fact, Luis has had ample opportunity to present her
claims to the BIA; first, in her motion to remand; then in her
motion to reopen the deportation proceedings. 
 Luis asserted, inter alia, that she lived in the United
States for over ten years with her lawful permanent resident
husband and children. She was employed, though she admittedly used
fraudulent documentation to secure her employment. She never
received any government assistance or benefit, has never been
charged with a crime and has paid her taxes. She asserts that had
the BIA considered those factors, it would have granted her motion
to reopen so she could apply for adjustment of status. The record
reveals that the BIA did consider those factors when it denied her
motion to reopen on the merits. The BIA explicitly discussed those
factors and concluded that "in the exercise of discretion[,]" Luis
did not warrant an adjustment of status. The BIA found that her
"equities [were] outweighed by [her] adverse factors." It should
also be noted again that Luis's motion to reconsider was untimely. 
Accordingly, we find that there was no due process violation.

Dismissed.