Andres SILVA–RUIZ Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70207.
I & NS No. A72–293–054.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2000.

Decided May 4, 2001.

Before B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM *

Andres Silva–Ruiz, a native and citizen of Mexico, petitions for review of a Board of Immigration ("BIA") decision denying his request for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1254(a)(1) (now repealed). Because this court lacks subject matter jurisdiction over Silva–Ruiz's claims, we dismiss the petition for review.

1. We lack jurisdiction to review the Attorney General's discretionary decision not to suspend deportation. Un-

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

der the Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996), deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to "transitional rules of judicial review." *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997); IIRIRA § 309(c)(4). Since deportation proceedings were initiated against Silva–Ruiz on July 9, 1996, and since a final order of deportation was issued on January 29, 1999, the transitional rules apply to Silva–Ruiz's case. Under the transitional rules, we lack jurisdiction to review many of the Attorney General's discretionary determinations, including the determination whether an alien seeking suspension of deportation under section 244 has met the statutory eligibility requirement of "extreme hardship." *Kalaw,* 133 F.3d at 1152; IIRIRA § 309(c)(4)(E).

█ 2. Although we do retain jurisdiction under IIRIRA's transitional rules to review due process challenges to final orders of deportation, *see Antonio–Cruz v. INS,* 147 F.3d 1129, 1130 (9th Cir.1998), Silva–Ruiz has failed to allege a colorable due process claim. We have held that a BIA decision violates due process "if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v.. INS,* 804 F.2d 1127, 1132 (9th Cir.1986)). The alien must also show prejudice. *See id.*

Silva–Ruiz claims that the BIA violated his due process rights by refusing properly to consider the significance of his lengthy residence in the United States, and the economic hardship deportation would cause him and his United States citizen

daughter. These claims do not credibly challenge the constitutional validity of the due process afforded Silva–Ruiz. Instead, Silva–Ruiz merely recasts his claim that the BIA abused its discretion in its "extreme hardship" analysis. We have no jurisdiction to review such claims. *Torres–Aguilar v. INS,* 246 F.3d 1267 (9th Cir.2001).

DISMISSED.