**Virgilio Patacsil ESTILLORE,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–71357.

I & NS No. A40–494–357.

United States Court of Appeals,
Ninth. Circuit.

Submitted Dec. 6, 2001.*

Decided Jan. 10, 2002.

Before HUG, D.W. NELSON, and
HAWKINS, Circuit Judges.

MEMORANDUM **

An Immigration Judge ("IJ") found
Virgilio P. Estillore, a native and citizen of
the Philippines, excludable on the basis of
various misrepresentations he made upon
his entry into the United States and in his
application for naturalization. Estillore
subsequently sought a waiver of exclusion
and made a request for voluntary depar-
ture under §§ 241(a)(1)(H) and 244(e) of
the Immigration and Nationality Act
("INA"). The IJ denied both the applica-
tion for a waiver and the request for vol-

untary departure. The Board of Immi-
gration Appeals ("BIA") affirmed these
rulings, and this appeal followed. For the
reasons set forth below, we affirm the
denial of Estillore's application for a waiv-
er of exclusion, and dismiss Estillore's ap-
peal of the BIA's decision on voluntary
departure.

**I. Application for a § 241(a)(1)(H)
Waiver of Exclusion**

Because Estillore was in deportation
proceedings prior to April 1, 1997, this
case falls under the transitional rules of
the Illegal Immigration Reform and Immi-
grant Responsibility Act ("IIRIRA"). See
IIRIRA § 309(c). Pursuant to these rules,
we apply pre-IIRIRA law in reviewing the
BIA's denial of § 241(a)(1)(H) relief,[1]
which directs us to review the BIA's deci-
sion for an abuse of discretion. See INS v.
Yang, 519 U.S. 26, 28, 117 S.Ct. 350, 136
L.Ed.2d 288 (1996).

We conclude that the BIA did not abuse
its discretion in this case. As noted by the
BIA, Estillore made multiple misrepresen-
tations to the INS, both upon entry and in
his application for naturalization. More-
over, Estillore's wife and three children
currently reside in Asia, with all three
children living in the Philippines. Given
these facts, we cannot say that the BIA's
decision to deny § 241(a)(1)(H) relief
amounted to an abuse of discretion.
Therefore, the BIA's decision to deny
§ 241(a)(1)(H) relief is affirmed.

**II. Request for Voluntary Departure**

As noted above, this appeal is governed
by IIRIRA's transitional rules. Pursuant

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

1. Therefore, we ignore IIRIRA's modification
and redesignation of § 241(a)(1)(H), as well
as IIRIRA's provision that eliminates judicial
review of discretionary decisions by the Attor-
ney General. See IIRIRA §§ 305(a)(2),
306(a)(2), 308.

to these rules, there is no appeal of discretionary decisions made under § 244 of the INA in cases, like Estillore's, in which the final order of deportation is entered after the enactment of IIRIRA. *See* IIRIRA § 309(c)(4)(E). Because the BIA's denial of Estillore's request for voluntary departure was a discretionary decision made under § 244, Estillore has no right to appeal the BIA's ruling. *See Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998). Thus, Estillore's appeal of the BIA's decision on voluntary departure must be dismissed.

## III. Conclusion

For the reasons set forth above, the BIA's denial of § 241(a)(1)(H) relief is AFFIRMED, and Estillore's appeal of the BIA's decision on voluntary departure is DISMISSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

