**Eudez MOLINA–VALLADARES,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 01–71939.

INS No. A70–080–494.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Feb. 25, 2003.

Before D.W. NELSON, WARDLAW
and FISHER, Circuit Judges.

MEMORANDUM**

Eudez Molina–Valladares petitions for review of the Board of Immigration Appeals' ("BIA's") decision that he is statutorily ineligible for withholding of deportation and asylum under former 8 U.S.C. §§ 1253(h) and 1158 and its denial of voluntary departure under former 8 U.S.C. § 1254(e). We have jurisdiction to review the BIA's withholding of deportation and asylum decisions pursuant to 8 U.S.C. § 1105a(a), as modified by the transitional rules established in section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-RA").[1] Because the Immigration Judge ("IJ") and the BIA, by adoption, recognized and exercised their discretion to deny voluntary departure, however, we lack jurisdiction to review that decision. IIRIRA § 309(c)(4)(E); *see also Beltran–Tirado v. INS*, 213 F.3d 1179, 1182 (9th Cir.2000); *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998).

An alien is ineligible for withholding of deportation and asylum if found to have "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* Pub. L. No. 104–208, Div. C (Sept. 30, 1996), *as amended by* Pub. L. No. 104–302 (Oct. 11, 1996).

group, or political opinion." 8 U.S.C. §§ 1253(h)(2)(A), 1158(a), 1101(a)(42) (1994). Molina testified that he commanded several regiments of the Policia Militar Ambulante ("PMA") during the latter half of the Guatemalan civil war and that he sought out, tortured, and killed people in that capacity. Molina specifically testified that his regiments "had several encounters with" the guerrillas, that they "would go and find the guerrillas," and that they tortured victims to find "their friends or members." News reports in the record document the Guatemalan government's practice of sending military units like the PMA into rural areas "to massacre rebel supporters in an effort to wipe out the [guerrilla] insurgency." Because the record before the BIA indicates that Molina engaged in persecution based upon political opinion, the burden to prove that he did not so act shifted to Molina. 8 C.F.R. §§ 208.13(c), 208.16(c)(3) (1994).

Molina failed to carry this burden. Even after the IJ asked the parties to discuss potential statutory ineligibility based on persecution, Molina failed to clarify his testimony on this point. When given the opportunity to respond to the INS's direct charge that Molina was a persecutor, Molina did not respond.

We reject Molina's suggestions that either his superiors' orders or the country's civil war justified his violent acts. Molina himself testified that he commanded regiments and that he sometimes acted as a judge, deciding the fate of those his regiments captured. Moreover, "[t]he participation or assistance of an alien in persecution need not be of his own volition to bar him from relief." *In re Rodriguez–Majano*, 19 I. & N. 811, 814, 1988 WL 235466 (1988). Additionally, the violent acts at issue do not encompass "typical military tactics." *Id.* at 816 (1988). Whereas "[h]arm resulting from generalized civil

strife is not persecution," *id.*, the evidence indicates that Molina "singled out and victimized [individuals] on the basis of [political opinion]...." *Laipenieks v. INS*, 750 F.2d 1427, 1436 (9th Cir.1985).

Because Molina failed to prove by a preponderance of the evidence that he did not engage in persecution, the BIA did not err in finding him statutorily ineligible for withholding of deportation and asylum.

DENIED.