**Parvin HOUSHMAND–NEJAD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71291.

INS No. A70–464–256.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Sept. 24, 2003.

David N. Shomloo, Esq., Portland, OR, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, Barry J. Pettinato, Esq., Office of Immigration Litigation, Emily A. Radford, Attorney, Allen W. Hausman, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before ALDISERT,* GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Parvin Houshmand–Nejad, a citizen of Iran, petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA").

1. We must uphold the BIA's factual and credibility findings so long as they are supported by substantial evidence in the record. *Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003).

█ The BIA adopted the immigration judge's ("IJ") finding that Petitioner was not credible. That finding is supported by substantial evidence.

Petitioner and her ex-husband Donald Schuman told inconsistent and irreconcilable stories regarding their marriage. In finding Schuman to be credible and Petitioner to be not credible, the IJ listed five

---

* The Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

reasons: (1) Schuman's demeanor indicated truthfulness; (2) Schuman's story was more believable; (3) Petitioner's testimony regarding her Turkish marriage, and her lack of an adequate explanation for her failure to include its existence in her visa application, indicated a lack of credibility; (4) Petitioner testified inconsistently regarding her father; and (5) Petitioner had motive to lie, while Schuman did not. We have serious doubts about the last reason, because Schuman's letters suggest that he was angry with Petitioner, and that he wished to see her deported. The remaining four reasons, however, are supported and it is clear from the record that the IJ and the BIA would have reached the same conclusion even without the fifth reason.

■ 2. The BIA's affirmance of the IJ's determination that Petitioner was not eligible for a waiver under section 216(c)(1) of the Immigration and Nationality Act ("INA") is also supported by substantial evidence. The IJ found that Petitioner did not enter into her marriage with Schuman in good faith and that it was a "sham marriage."

Reviewing de novo, the BIA cured the IJ's error in failing to address the undue hardship waiver application. Nothing that may have occurred in the time between the decisions of the IJ and the BIA would have justified the granting of a hardship waiver, given the adverse credibility determination and the finding regarding the "sham marriage."

■ 3. In the light of the adverse credibility determination, the IJ expressed "considerable doubt" that Petitioner's alleged 1989 seizure, rape, and physical abuse actually had occurred. The IJ noted that Petitioner claimed to have told Schuman about the rape, but Schuman testified that Petitioner had never spoken to him about a past rape. Because the IJ permissibly believed Schuman instead of Petitioner, and because Petitioner's only evidence of the alleged 1989 rape was her own testimony and that of her aunt (whom the IJ also permissibly found to be not credible), we must conclude that substantial evidence supports the denial of Petitioner's asylum claim.

4. Having found that Petitioner did not establish her eligibility for asylum, we also must conclude a fortiori that Petitioner did not establish her eligibility for withholding from deportation. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

■ 5. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply in this case, because Petitioner was in deportation proceedings before April 1, 1997. *Antonio–Cruz v. INS,* 147 F.3d 1129, 1130 n. 2 (9th Cir.1998). Under the transitional rules, we have jurisdiction to review a BIA decision unless a specified exception applies. IIRIRA § 309(c). One of the specified exceptions proscribes judicial review of "any discretionary decision under section ... 244 of the [INA]." IIRIRA § 309(c)(4)(E). Because voluntary departure is a discretionary decision under section 244 of the INA, we lack jurisdiction to consider Petitioner's challenge to the BIA's decision on this question. *Antonio–Cruz,* 147 F.3d at 1130.

Petition DENIED in part and DISMISSED in part.