**Fausto Vargas RAMOS, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71852.

Agency No. A74–802–923.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.\*\*

Decided Feb. 26, 2004.

Fausto Vargas Ramos, pro se, Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Carl H. McIntyre, Jr., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM\*\*\*

Fausto Vargas Ramos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's order denying his application for

---

\* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

suspension of deportation and voluntary departure. We dismiss the petition in part and deny the petition in part.

We lack jurisdiction to review the discretionary decisions to deny suspension of deportation, *Kalaw v. INS*, 133 F.3d 1147, 1150–1151 (9th Cir.1997), and voluntary departure, *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998).

Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction over the remainder of Ramos' appeal under 8 U.S.C. § 1105a(a). We review de novo due process contentions, *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002).

Ramos' contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED, in part.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.