**Mohammad MIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–3403.**

United States Court of Appeals, Sixth Circuit.

March 18, 2004.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

*ORDER*

Mohammad Mian petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal despite his applications for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Mian is a native and citizen of Bangladesh, who entered the United States as a visitor for pleasure in 1993. The Immigration and Naturalization Service initiated removal proceedings in 1996, alleging that he had remained in this country beyond the time that was authorized by his visa.

An immigration judge ("IJ") conducted a final hearing, at which Mian testified that he had been persecuted in Bangladesh because he was a local leader of a group that promoted the Islamic religion. The IJ found that this testimony was not fully credible and denied his applications for relief. This opinion became the final decision of the agency on February 21, 2003, when the BIA dismissed Mian's administrative appeal.

Mian's current brief does not contain any arguments regarding his application for relief under the Convention Against Torture. Thus, he has abandoned this claim for purposes of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001).

The BIA's decision must be upheld if it is supported by substantial evidence on the record as a whole, even if we might have decided the case differently. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001). To prevail on his asylum claim, Mian must show not only that he is a refugee, but also that his asylum application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). A refugee is defined as "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citations and internal quotation marks omitted) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). An asylum application is also treated as an application for the withholding of removal. *Mikhailevitch,* 146 F.3d at 391. However, the burden of proving

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

eligibility for asylum is less than the burden of proving entitlement to withholding. *Id.*

Mian primarily alleged that he had been persecuted in Bangladesh because he was a local leader of an organization called the Jamatt–E–Islami that promoted the Islamic religion. He indicated that the Jamatt–E–Islami was disliked by people who believed that the organization had opposed the separation of Bangladesh from Pakistan. He also indicated that charges had been brought against him in 1971 and 1972, for introducing people to the organization.

Mian apparently argues that the IJ's credibility finding was based on a difference of opinion regarding the factual background of his claims. However, the IJ cited several inconsistencies in his testimony that went to issues that were central to the merits of his asylum claim. The IJ noted that Mian had testified that he had never been injured as a result of his political activities, even though he also submitted documents which indicated that he had been hospitalized for six days for injuries received in a political confrontation. Mian also testified that he could not remember any specific charges against him other than those which were brought in 1971 and 1972, even though he also submitted documents which indicated that he had been arrested in 1991, after a violent riot. The IJ also discounted the documents that Mian had tendered in support of his claims, noting a state department report which indicated that fabricated documents were commonly available to applicants from Bangladesh and that authentic arrest documents were not generally available to them.

Mian apparently argues that the IJ improperly based her finding on the lack of corroborating evidence. However, the IJ properly noted the absence of reliable corroborating evidence only after the inconsistencies in Mian's testimony had placed his credibility in doubt. *See Chebchoub v. INS*, 257 F.3d 1038, 1043–45 (9th Cir. 2001). Mian also argues that the government did not meet its burden of showing that the disputed documents were fraudulent. This argument fails because the documents were not authenticated as prescribed by 8 C.F.R. § 287.6.

Mian did not present compelling evidence to support his asylum claim. *See Chebchoub*, 257 F.3d at 1045. He testified that he had never been arrested, imprisoned, or physically abused because of his political activities. Moreover, his alleged activities took place more than thirty years ago, and his testimony regarding those activities was ambiguous at best. Since substantial evidence supports the IJ's finding that Mian is not a refugee, we need not reach the question of whether his asylum application merits a favorable exercise of discretion. *See Mikhailevitch*, 146 F.3d at 390. Moreover, as Mian has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See id.* at 391.

Finally, Mian argues that the IJ should not have denied his request for voluntary departure. However, this issue is not cognizable in an action for judicial review. *See Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998).

Accordingly, the petition for judicial review of the BIA's decision is denied.