Amar SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71414.
Agency No. A72–694–573.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2004.*

Decided Oct. 13, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Hardeep S. Rai, Earle A. Sylva, Tsz–Hai Huang, Rai & Assoc., San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Oil, Washington, DC, for Respondent.

Before HALL, BRUNETTI, and GRABER, Circuit Judges.

### MEMORANDUM**

Amar Singh appeals the oral decision of the immigration judge ("IJ"), which the Board of Immigration Appeals ("BIA") affirmed without opinion, denying his petition for asylum, withholding of removal, Convention Against Torture ("CAT") protection and, in the alternative, voluntary departure. We deny the petition in part and dismiss in part.

Singh first argues that the evidence he presented compels a finding that he is entitled to asylum, withholding of deportation, and CAT protection. However, the IJ made an adverse credibility finding against Singh due to numerous material inconsistencies in his testimony and testimony that was vague and nonresponsive on several material issues. Further, because Singh's testimony was discredited, he needed but failed to provide sufficient documentary evidence to support his claims.

■ The IJ's decision that Singh's claims fail for insufficiency of evidence is supported by substantial evidence. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001); *Mejia–Paiz v. INS*, 111 F.3d 720, 722 (9th Cir.1997). Under this standard, the IJ's findings and conclusions must be upheld "if they are supported by 'reasonable, substantial and probative evidence in the record.'" *Al–Harbi*, 242 F.3d at 888 (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). The IJ made specific references to vague, inconsistent, and at times implausible testimony that was material to Singh's claims regarding his actual involvement with the AISSF, his alleged arrests,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and alleged abuse by Indian police. For example, he variously claimed to have been arrested zero, two, three, and four times. Further, the IJ's alternative finding that Singh could relocate safely within India is supported by the evidence, including evidence that Singh had moved to Delhi after the alleged abuse and had lived there unharmed for a significant period.

Singh next argues that this court should review the IJ's discretionary decision to deny voluntary departure, or in the alternative reinstate voluntary departure. Singh's appeal is governed by the transitional rules of IIRIRA, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656 (1996), because Singh is an alien who was in deportation proceedings before April 1, 1997, and whose final deportation order was issued after October 30, 1996. *See Antonio–Cruz v. INS,* 147 F.3d 1129, 1130 n. 2 (9th Cir.1998)(citing IIRIRA § 309(c)). Under these rules, the court of appeals does not have jurisdiction to review a decision on whether to grant or deny voluntary departure. *See Id.* at 1130 (citing IIRIRA § 309(c)(4)(E)). Therefore, this Court lacks jurisdiction to review Singh's appeal of the IJ's decision to deny voluntary departure as a matter of discretion. *See Beltran–Tirado v. INS,* 213 F.3d 1179, 1182 (9th Cir.2000); *Antonio–Cruz,* 147 F.3d at 1130.

Singh also requested that this Court "reinstate" voluntary departure. Singh was never granted voluntary departure. The IJ denied it, and voluntary departure was not part of the final order of deportation. Because there was no voluntary deportation order originally, there is no order to reinstate. To reinstate a non-ex-

isting order would circumvent the transitional rules of IIRIRA, which prohibit this Court from reviewing the IJ's voluntary departure decision.

Petition DISMISSED in part and DENIED in part.