**Marven CASTRO–SARAVIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70414.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Dec. 14, 2004.

John Ayala, Law Offices of Cobos & Ayala, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Margaret Perry, Esq., San Francisco, CA, Anh–Thu P. Mai, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, FISHER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner appeals a decision by the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") denying petitioner's application for cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub.L. No. 105–100, 111 Stat. 2160, as amended by Pub.L. No. 105–139, 111 Stat. 2644. We have jurisdiction to review legal, nondiscretionary determinations of the BIA and any constitutional claims. 8 U.S.C. § 1252(b); *see Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir. 2002); *Antonio–Cruz v. INS,* 147 F.3d 1129, 1130 (9th Cir.1998).

The BIA affirmed the IJ's denial of cancellation of removal on two separate grounds: (1) that the government had overcome petitioner's presumption of extreme hardship upon removal; and (2) as a discretionary determination, that petitioner should not receive the extraordinary remedy of cancellation of removal because he had committed a gang-related murder when he was a juvenile. Even assuming that the BIA's application of NACARA's presumption of extreme hardship were a reviewable determination, we are still divested of jurisdiction to review the denial of cancellation because the BIA alternatively upheld the denial in the exercise of its discretion which we may not review. 8 U.S.C. § 1252(a)(2)(B).

Petitioner's reliance on *In re Devison,* 22 I & N. Dec. 1362 (BIA 2000), is misplaced. *In re Devison* holds that "findings of juvenile delinquency are not convictions

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for immigration purposes," *id.* at 1365, but it does not forbid an IJ from considering such juvenile acts *at all,* along with any other relevant information, when making a discretionary determination.

The record also does not support petitioner's contention that the IJ was biased, in violation of petitioner's due process rights. The IJ and BIA, taking into account the fact that petitioner had committed murder as a juvenile, determined that petitioner should not receive the discretionary relief of cancellation of removal. There is no evidence of bias.

Petitioner's argument that the BIA's consideration of *In re Jean,* 23 I & N Dec. 373 (A.G.2002), violated his due process rights because that decision unconstitutionally limits the BIA's discretion is likewise meritless. Even assuming that the Attorney General could violate due process by limiting the BIA's discretion, *In re Jean* only provides guidance for the application of discretion.

**PETITION DENIED.**