**Freytman Odilon CARRILLO–TORRES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72952.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2006.

Filed March 9, 2006.

Freytman Odilon Carrillo–Torres, San Diego, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Russell J.E. Verby, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM *

Carrillo–Torres petitions for review of an order of removal charging him with being inadmissible because he lacked valid travel documents, 8 U.S.C. § 1182(a)(7)(A)(i)(I), and because he had been removed from the United States more than once and has not received permission from the Attorney General to return.[1] 8 U.S.C. § 1182(a)(9)(A)(i). Carrillo–Torres contends that the removal order is invalid because he is a national of the United States in light of his prior service in the U.S. Air Force, and because he filed an application for naturalization in 1980. Also, he collaterally attacks a previous removal order, upon which the current removal order is premised. Because the parties are familiar with the factual and procedural history of this case, we recount it only to the extent necessary to understand our decision.[2]

Nationality claims are governed by 8 U.S.C. § 1252(b)(5), which states:

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Carrillo–Torres is represented by Lara M Krieger, appointed pursuant to this Court's pro bono program; we thank Ms. Krieger for her services.

2. We review legal questions arising from a Petitioner's claim that he is a United States citizen de novo. *Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 967 (9th Cir.2003). "Claims of due process violations in deportation proceedings are reviewed de novo." *Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998).

the nationality claim.... If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court....

*Id.* As to Petitioner's claim that he is a national because of his military service, we held in *Reyes–Alcaraz v. Ashcroft,* 363 F.3d 937 (9th Cir.2004), that "service in the armed forces of the United States, along with the taking of the standard military oath, does not alter an alien's status to that of a 'national' within the meaning of the Immigration and Nationality Act...." *Id.* at 938. As to Petitioner's claim that he is a national because he filed a naturalization application in 1980, that application is the subject of Petitioner's pending Motion to Supplement the Record. The motion is denied. 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based....").[3] Carrillo–Torres does not present a genuine issue of material fact regarding his nationality. We hold that he is not a national of the United States, and we decline to transfer his claim to the district court.

■ We next address Petitioner's collateral attack on his 1998 removal order. We may review a final removal order only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). With the exception of Petitioner's claim that the IJ in 1998 erroneously concluded that Petitioner's 1989 conviction for driving under the influence was an aggravated felony, Petitioner's arguments are unexhausted and we lack jurisdiction to review them.

■ Regarding Petitioner's exhausted claim, Carrillo–Torres has challenged the 1998 removal order on two prior occasions: during criminal proceedings against him for illegal reentry in 1999, which included an appeal to us, *United States v. Carrillo–Torres,* 35 Fed.Appx. 630 (9th Cir.2002); and in a Petition for Writ of Habeas Corpus, filed in 2001, challenging his illegal reentry conviction. We lack jurisdiction to consider Petitioner's collateral attack on his 1998 removal order, because Petitioner's exhausted claim could have been presented to the prior reviewing courts, and the available remedies in those proceedings were adequate to test the validity of the 1998 removal order. 8 U.S.C. § 1252(d)(2).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

3. Even if that application were before us, we held in *Perdomo–Padilla v. Ashcroft,* 333 F.3d 964 (2003), that "the filing of an application for naturalization does not change an applicant's immigration status from that of an alien to that of a national because, under the [INA], a person may become a 'national of the United States' only through birth or naturalization." *Id.* at 965.