**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ARAM HOVHANNISYAN; MERI HOVHANNISYAN; HOVHANNES HOVHANNISYAN; MIHRAN HOVHANNISYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General,[*] <br><br> Respondent. | No. 06-74541 <br><br> Agency Nos. A075-683-444 <br> A075-683-445 <br> A075-683-446 <br> A075-683-447 <br><br> MEMORANDUM[**] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2011[***]
Pasadena, California

Before: RYMER, CALLAHAN, and IKUTA, Circuit Judges.

---

[*]     Eric H. Holder, Jr. is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because Hovhannisyan's appeal to the BIA did not challenge the IJ's denial of his continuance request, that claim is not exhausted and we lack jurisdiction to consider it. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). The BIA's determination that the IJ did not evince judicial hostility or bias toward Hovhannisyan is supported by substantial evidence in the record, and therefore Hovhannisyan's due process claim also fails. *Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998). Finally, to the extent that Hovhannisyan's petition can be construed as challenging the IJ's adverse credibility determination, that determination is supported by substantial evidence in the record, including the inconsistency between Hovhannisyan's description of the seriousness of his stab wound and the medical treatment he received. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

**DISMISSED IN PART; DENIED IN PART.**