**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50214 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03198-WQH-1 |
| v. | |
| ROGELIO DELGADO-BENITEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN, Senior District Judge.[**]

Rogelio Delgado-Benitez was indicted for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. He moved to dismiss the indictment, contending that his deportation could not serve as the basis for a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Alvin K. Hellerstein, Senior United States District Judge for the Southern District of New York, sitting by designation.

§ 1326 conviction because his deportation hearing did not comport with due process. In support of the motion, he submitted a declaration he wrote over four years after the deportation hearing—and after he was indicted—in which he alleged that he had had trouble understanding the deportation proceedings because his headset was faulty and that the Immigration Judge had "bec[o]me angry" with him during the proceedings. The district court found no due process violation and denied the motion. We affirm.

Section 1326(d), provides:

> [A]n alien may not challenge the validity of the deportation order [underlying a § 1326 charge] . . . unless the alien demonstrates that—
>> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>> (3) the entry of the order was fundamentally unfair.

A removal order is fundamentally unfair if (1) defects in the underlying proceedings violated the alien's due process rights and (2) he suffered prejudice as a result. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). A deportation proceeding violates due process if it prevents the deportee from knowingly and voluntarily waiving his rights. *Id*. "The government bears the burden of proving valid waiver in a collateral attack of the underlying removal

2

proceedings," but the defendant carries the overall burden to "show[]" fundamental unfairness. *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010). We review *de novo* a claim that a defect in a prior removal proceeding precludes reliance on the final removal order in a subsequent § 1326 proceeding. *Id.* at 679.

The Immigration Judge considered but justifiably discounted the probative value of Delgado's declaration. The court-certified transcript of the deportation hearing provided a more reliable picture of what transpired than Delgado's four-year-old memory. The transcript indicates almost no misunderstanding on the part of Delgado. Delgado cites to the three questions in a row in which the Immigration Judge asked him, "Are you a citizen or national of the United States of America?" to which Delgado responded, "Mexico" or "Mexican" instead of "No." But, contrary to Delgado's contention, the answers are sufficiently responsive to demonstrate his understanding. Delgado cites another question and answer. When asked whether he had any children who are permanent residents or citizens of the United States, he said, "No," even though he had a five-month-old son at the time. Delgado's answer possibly reflects a failure to understand that question. But that is the sole interchange in the record that arguably evidences misunderstanding. Delgado's responsive answers to every other question the judge asked him indicate that he *did* understand the questions, including those asking him whether he wished

to appeal and to apply for voluntary departure. *Cf., e.g.*, *Perez-Lastor v. INS*, 208 F.3d 773, 777-79 (9th Cir. 2000) (due process violation where there were "numerous instances in which [the deportee]'s answer [wa]s not responsive to the question he was asked," repeated expressions by the deportee that he did not understand the question, and evidence that the deportee *never* understood some questions, despite repeated questioning).

Nor did the Immigration Judge coerce Delgado into waiving his rights. The judge did express impatience with Delgado after the citizenship exchange ("Apparently Sir, you do not understand what it means to answer my question yes or no. Have a seat, Sir. If I get to your case at the end of today, we'll do it at the end of today, otherwise, I will do it around the 10th of October. Matter's trailed."). The judge resumed the proceeding later that day. Delgado points to no other instances of arguably intimidating behavior. An Immigration Judge does not violate due process simply by "asking tough questions or assuming an unfriendly manner." *Perez-Lastor*, 208 F.3d at 782 n.9; *see, e.g.*, *Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003). Here, the Immigration Judge's tone of irritation and his abrupt termination of the hearing amounted to nothing more than "an unfriendly manner." *Perez-Lastor*, 208 F.3d at 782 n.9.

The government proved, through the transcript of Delgado's deportation hearing, that Delgado validly waived his rights to appeal and to apply for voluntary departure. Delgado's declaration did not rebut that showing. He thus failed to demonstrate that his deportation proceeding deprived him of due process and was "fundamentally unfair." He cannot collaterally attack that proceeding now. *See* 8 U.S.C. § 1326(d)(3).

Delgado's other contentions—that the district court ignored his declaration, and that the court was required, *sua sponte*, to hold an evidentiary hearing—are meritless.

AFFIRMED.