**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANDREE KURNIAWAN, | No. 11-71909 |
| Petitioner, | Agency No. A088-486-604 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Andree Kurniawan, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in deportation proceedings. *Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998). We deny in part and grant in part the petition for review, and remand.

Substantial evidence supports the agency's denial of CAT relief because Kurniawan failed to establish that it is more likely than not that he will be tortured if he returns to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Kurniawan testified that the harm he suffered in Indonesia included being robbed on four occasions by people who made derogatory comments about his Chinese ethnicity, and having rocks thrown at his house by people who also shouted ethnic slurs. The BIA found that these incidents did not rise to the level of persecution, and accordingly denied asylum and withholding of removal. Substantial evidence does not support this finding. *See Ndom v. v. Ashcroft*, 384 F.3d 743, 751 (9th Cir.2004) (concluding the cumulative effect of harms the petitioner suffered rose to the level of persecution). Because the BIA expressly declined to address nexus in its analysis, we remand for it to do so in the first

instance.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).  In light of this conclusion, we do not address Kurniawan's due process argument.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**