

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMELIA MIGDALIA MUNOZ-CAMEY, | No. 12-70018 |
| Petitioner, | Agency No. A073-985-619 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2015**
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,*** Senior
District Judge.

Amelia Munoz-Camey, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, Senior District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

Immigration Judge's (IJ) denial of her application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. We have jurisdiction to review Munoz-Camey's claim that she was denied due process in her deportation proceedings before the IJ. *See* 8 U.S.C. § 1252(a)(2)(D); *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003) ("Notwithstanding the[] statutory limitations on judicial review, we retain the power to review constitutional due process challenges to immigration decisions.").

2. The BIA correctly concluded that the IJ did not violate Munoz-Camey's due process rights during her deportation proceeding. *See Reyes-Melendez*, 342 F.3d at 1006. Munoz-Camey failed to show that the IJ abandoned his neutral fact-finding role, or that she did not receive a "reasonable opportunity to present evidence on [her] behalf." *Id.* (internal quotation marks omitted). IJs are authorized to "interrogate, examine, and cross-examine" the petitioner and any witnesses. 8 U.S.C. § 1229a(b)(1). Here, no violation of Munoz-Camey's due process rights was shown where the IJ did no more than "ask[] tough questions or assum[e] an unfriendly manner." *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 782 n.9

(9th Cir. 2000); *see also Antonio-Cruz v. I.N.S.*, 147 F.3d 1129, 1131 (9th Cir. 1998).[1]

3. Munoz-Camey has not shown that prejudice resulted from any due process violation. *See Antonio-Cruz*, 147 F.3d at 1131.

**Petition DENIED.**

---

[1] We agree with the BIA that the IJ's tone was not a "model of judicial temperament," but conclude that his questioning did not rise to the level of a due process violation.