**Mahde SHABAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71968.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2004.

Decided March 24, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Nancy E. Friedman, Esq., Jennifer Lightbody, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Mahde Shaban ("Shaban") appeals the Board of Immigration Appeals' summary

---

*** This disposition is not appropriate for publication and may not be cited to or by · the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

affirmation of the Immigration Judge's (IJ) credibility determination and decision denying him asylum and withholding of deportation, and ordering him to voluntarily depart.

We may reverse on a due process claim only if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case," and it prejudiced his claim. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000); *Cano–Merida v. INS,* 311 F.3d 960, 965(9th Cir. 2002). Although the IJ's conduct of Shaban's hearing was somewhat heavy-handed, he nevertheless allowed Shaban to fully present his case and issued a reasoned written opinion. *See Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998) (due process does not preclude an IJ from vigorously questioning the witness or conducting the "lion's share of the cross examination"). Thus, the hearing, although not a model proceeding, did not rise to the level of a due process violation.

We must affirm an IJ's credibility determination when it is supported by "substantial evidence," and the IJ's reasoning is not "fatally flawed." *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Thus, even if a reviewer could reasonably draw a different conclusion from the evidence, it does not mean the IJ's conclusion was not supported by "substantial evidence." *See Rodriguez–Matamoros v. INS,* 86 F.3d 158, 160 (9th Cir.1996); *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir. 1999).

Here, the IJ determined that Shaban's United States religious instructor's testimony revealed discrepancies in Shaban's story that adversely affected Shaban's credibility. *See Gui,* 280 F.3d at 1225 (adverse credibility findings must have a substantial nexus to the heart of the claim). Specifically, the instructor testified that Shaban never told him of his previous conversion and the instructor believed Shaban ignorant of Christianity's basic tenets when they met. In addition, the IJ specifically detailed elements of Shaban's demeanor that brought his credibility into doubt. Accordingly, we cannot determine that the IJ used fatally flawed reasoning when he found Shaban incredible.

PETITION DENIED.