Eliza CATABAY, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74110.

Agency No. A45–619–018.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided April 9, 2004.

Antonio Reyna Salazar, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Seattle, WA, Jennifer A. Parker, Anthony

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

W. Norwood, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM**

Eliza Catabay petitions for review of a decision of the Board of Immigration Appeals ("BIA") that adopted and affirmed the Immigration Judge's ("IJ") discretionary denial of Catabay's request for a waiver of the requirement to file a joint petition for removal of the conditions of residence. Where, as here, "the BIA adopts an IJ's findings and reasoning, we review the IJ's opinion as if it were the opinion of the BIA." *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999). The IJ held that Catabay did not show that she entered her marriage to a United States citizen in good faith. Catabay ("Petitioner") challenges this determination on factual and constitutional grounds. Because the facts are known to the parties, we recount them only as necessary to explain our decision.

Catabay challenges the denial of the discretionary waiver. We review the denial for abuse of discretion. *Nyonzele v. INS,* 83 F.3d 975, 979 (8th Cir.1996); 8 U.S.C. § 1186a(c)(4) (1994). The factual findings underlying the IJ's decision are reviewed for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To overcome this deference, Petitioner must demonstrate that the evidence in the record is so compelling "that a reasonable factfinder would have to conclude" in Petitioner's favor. *Id.*

■ Petitioner does not meet this burden because substantial evidence supports the IJ's determination that there was no good faith intent to enter the marriage. The IJ had reason to doubt the credibility of Catabay because of testimonial inconsistencies, including where Catabay's ex-husband Leonardo lived before Petitioner moved to the United States, where Leonardo lived while Petitioner was at the Orcas address, whether Leonardo ever lived with Petitioner at the address on 51st Avenue, and whether Leonardo had been employed when Petitioner moved to the United States.

Moreover, the IJ found it inconsistent for Petitioner to have a joint checking account with Leonardo through February 1998 if, as she claimed, Leonardo was irresponsible with her money and gambled the money away. Petitioner's explanation that she was hoping for a reconciliation in early 1998 was contradicted by her testimony that there was no hope of reconciliation in 1997. Further, Petitioner did not seek to include Leonardo on her health insurance, nor marked that she was married on her tax forms. These facts constitute substantial evidence for the IJ's adverse determination on the waiver.

■ Petitioner next argues that the IJ violated her due process rights by being predisposed to rule against her, as evidenced by aggressive questioning by the IJ. Reviewing this issue de novo,[1] we recognize that Catabay has a right to due process in her removal proceedings, *Zadvydas v. Davis,* 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), and this includes her entitlement to a fair hear-

1. We review the due process claim de novo. *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). To prevail in her claim, Petitioner would have to show both bias and subsequent prejudice, so "that the outcome of the proceedings may have been affected by the alleged violation [of her rights.]" *Colmenar,* 210 F.3d at 971.

ing and the opportunity to present evidence before an impartial IJ. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

Catabay claims that the IJ had a "clear predisposition" against her, as demonstrated by the IJ's questions and comments on Petitioner's evidence, and the IJ's factual conclusions. The asserted facts do not show bias or prejudice. Although the IJ did not sit as a mute factfinder, he was not required to do so. 8 U.S.C. § 1229a(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses"). An IJ need not examine a witness with kid gloves; aggressive questioning does not rise to a due process violation. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir.2003) (citing *Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998) (rejecting a due process claim when the IJ had conducted the "lion's share of cross-examination" in a "harsh manner and tone.")). Indeed, the IJ asked questions that allowed Petitioner to reduce the inconsistencies in her testimony, or to clarify answers. Moreover, in other instances, the IJ was commenting on the evidence as he heard it, implying that he was weighing the evidence, rather than articulating a pre-hearing bias. Finally, far from showing prejudice, the IJ's questions alerted Petitioner to what the IJ was thinking and what further evidence Petitioner might offer to allay the IJ's concerns. In short, we conclude that there was no bias of or prejudging by the IJ in this case.

The Petition for Review is **DENIED**.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.