**Enedilia Diego GALVEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72701.

Agency No. A75–308–878.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Sarah J.M. Jones, Law Offices of Sarah J.M. Jones, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H, Molina, Jr., Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM[**]

Enedilia Diego Galvez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review due process challenges de novo, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004), and determinations of eligibility for asylum for substantial evidence, *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998), and we deny the petition.

Diego Galvez's due process challenge to the BIA's streamlining of her appeal is foreclosed by *Falcon Carriche*, 350 F.3d at 849–52.

Because Diego Galvez failed to establish that the sexual abuse she alleged was on account of one of the five statutory grounds, she failed to establish eligibility for asylum. 8 U.S.C. § 1101(a)(42)(A);

*Ochave v. INS*, 254 F.3d 859, 865–66 (9th Cir.2001).

Diego Galvez's claim that her due process rights were violated by the manner in which the IJ conducted her hearing fails because an IJ may ask questions of an alien during removal proceedings. *See Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998).

**PETITION FOR REVIEW DENIED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

