**Jose Enrique MARTINEZ–DE ANDA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71232.

Agency No. A93–281–164.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Kevin A. Bove, Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Ernesto H. Molina, Jr., Anthony P. Nicastro, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM**

Jose Enrique Martinez–De Anda, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") decision denying Martinez–De Anda's application for cancellation of removal and request for voluntary departure. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the denial of the cancellation application because the IJ's decision was based, in part, on its conclusion that Martinez–De Anda had not demonstrated the requisite "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003).

We also lack jurisdiction to review the IJ's discretionary denial of Martinez–De Anda's request for voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B); *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002).

We reject Martinez–De Anda's contention that the BIA denied him due process by failing to remand the case to the IJ to present evidence under the new standard for "exceptional and extremely unusual hardship" announced in *Matter of Monreal*, 23 I. & N. Dec. 56, 2001 WL 534295 (BIA 2001). *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006–07 (9th Cir. 2003).

The record does not support Martinez–De Anda's contention that the IJ deprived him of a full and fair hearing by acting as a "partisan adjudicator." *See Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998).

Martinez–De Anda's contention that the BIA erroneously streamlined his appeal is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–55 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

