**Ramon Chocooj SACUL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72125.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Molly C. Curtis, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Ramon Chocooj Sacul, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence, *Gormley v. Ashcroft,* 364

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1172, 1176 (9th Cir.2004), and we review de novo Petitioner's due process challenge, *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003). We deny the petition for review.

The record does not compel a finding that Petitioner satisfied his burden of proving eligibility for asylum. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995) (in denying petition for review, this court held that "Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so. We are not permitted to substitute our view of the matter for that of the Board.") (emphasis in original). Accordingly, Petitioner necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Similarly, Petitioner's Convention Against Torture claim failed because he did not establish that it was more likely than not that he would be tortured if returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Petitioner also contends that the IJ denied him due process by interrupting him and using excessive sarcasm at the merits hearing, and by evincing a bias in favor of the military. Petitioner's due process challenge fails. As a preliminary matter, the IJ is authorized to "interrogate, examine, and cross-examine the alien[.]" 8 U.S.C. § 1229a(b)(1); *see also Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998). In addition, Petitioner fails to demonstrate that he was prejudiced by the IJ's conduct. *See id.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**