Manuel MURILLO–PEREZ,
Petitioner—Appellant,

v.

John ASHCROFT, Attorney General;
Immigration and Naturalization Ser-
vice; Thomas M. Baranick, Respon-
dents—Appellees.

No. 02–16759.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 23, 2004.

Marshall G. Whitehead, Esq., Phoenix,
AZ, for Petitioner–Appellant.

Russell J.E. Verby, Office of Immigra-
tion Litigation Civil Division, Department
of Justice, Washington, DC, for Respon-
dents–Appellees.

Before: D.W. NELSON, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM **

Murillo–Perez appeals the district
court's order dismissing his habeas peti-

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

tion for lack of jurisdiction. Specifically, Murillo–Perez challenges the court's conclusion that it lacked jurisdiction over his due process challenge to the statutory eligibility for cancellation of removal under the Immigration and Nationality Act (INA) § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). We conclude that the district court correctly held that it lacked jurisdiction and affirm.

This appeal stems from the Board of Immigration Appeals's (BIA) discretionary decision to deny Murillo–Perez's application for cancellation of removal. After this decision, Murillo–Perez failed to file a timely petition for review with this Court lodging his due process claim to the underlying statute. Instead, after the time for filing for direct review had lapsed, Murillo–Perez filed a petition for writ of habeas corpus in district court. He claimed that the language of INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), which requires an applicant for cancellation of removal to establish that a qualifying citizen relative would suffer "exceptional and extremely unusual hardship" if he is removed, is unconstitutionally void for vagueness.

On August 30, 2002, the district court dismissed Murillo–Perez's petition, finding that it lacked jurisdiction. Murillo–Perez timely appealed the district court's dismissal to this Court. This Court reviews de novo the district court's jurisdiction over habeas petitions under 28 U.S.C. § 2241. *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir.2003). We affirm.

■ The law of this Circuit at the time the BIA denied Murillo–Perez's application made clear that this Court retained jurisdiction to review due process challenges to discretionary decisions. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000) (holding that the Court has jurisdiction over due process challenges in the context of discretionary decisions to deny

suspension of deportation, the precursor to cancellation of removal); *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998) (holding similarly that despite the bar on judicial review of the discretionary decision to grant voluntary departure, this Court retains jurisdiction over due process challenges). In 2003, this Court held consistently with *Antonio–Cruz*, that "[w]e retain jurisdiction to review constitutional claims, even when those claims address a discretionary decision. Although we lack jurisdiction to review whether an alien has established exceptional and extremely unusual hardship, we retain jurisdiction to consider whether the BIA's interpretation of the hardship standard violates due process." *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003) (footnote omitted). Therefore, Murillo–Perez waived his right to appeal to this Court by failing to file a timely petition for direct review. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (requiring that a petition for review must be filed within 30 days of the final order of removal); *see also Taniguchi v. Schultz*, 303 F.3d 950, 956 (9th Cir.2002).

■ In addition, "as a prudential matter, [this Court has required] that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001). This Court has construed the jurisdiction-stripping provisions of the INA as maintaining habeas jurisdiction in district court under § 2241 only when no other venue for making a constitutional challenge remains open to an alien as a result of these statutory limits. *See Flores–Miramontes v. INS*, 212 F.3d 1133, 1135–36 (9th Cir.2000) (holding that where a statute barred *any* review of final orders of removal, this Court lacked jurisdiction to review a due process challenge via a direct petition but

that the claim could be heard via § 2241 in district court).

In sum, we find that the district court correctly dismissed Murillo–Perez's habeas petition for lack of jurisdiction. Murillo–Perez had ample notice of his ability to raise a due process challenge with this Court in a petition for direct review.

AFFIRMED.