**Jose RODRIGUEZ, Petitioner,**

v.

**Alberto R. GONZALES,*** Attorney
General; et al., Respondents.

Nos. 02–70991.

United States Court of Appeals,
Ninth Circuit.

Submitted on briefs Feb. 16, 2005.**

Decided March 16, 2005.

John L. Ogletree, Los Angeles, CA, for
Petitioner.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Paul Fiorino, Richard M. Evans, Esq., U.S. Department of Justice, Washington, DC, for Respondents.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM ***

Jose Angel Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") denial of his appeal from an adverse immigration judge ("IJ") ruling on his application for cancellation of removal. The BIA denied his appeal after determining that the IJ did not improperly assume a prosecutorial role in Rodriguez's hearing and that the record supported the IJ's determination that Rodriguez failed to satisfy the "exceptional and extremely unusual hardship" standard necessary for cancellation of removal. Rodriguez argues here that the IJ denied Rodriguez due process by significantly interfering in a hostile, prosecutorial manner with his attorney's presentation of his case. We deny his petition for review.[1]

In reviewing due process violations, this court "will reverse the BIA's decision on due process grounds if the proceeding was

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition.

'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986)). "We also require an alien to show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.*

Previously, this circuit denied a petition where an IJ "conduct[ed] 'the lion's share of cross-examination' in a 'harsh manner and tone.'" *Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998). Regardless of whether the IJ's tone and questioning crossed the line in this case, Rodriguez's claim, like the one in *Antonio–Cruz,* fails because he does not demonstrate how the IJ's conduct prejudiced him. *See id.*

Prejudice is only established "where an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings.'" *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1998) (quoting *United States v. Cerda–Pena,* 799 F.2d 1374, 1379 (9th Cir.1986)).

The *only* statement that Rodriguez offers regarding the "prejudice" requirement is the following unsupported assertion in his "Summary of Argument" section of his opening brief: "Further, the immigration judge displayed prejudice in the analysis and adjudication of his application for immigration relief." This statement uses the term "prejudice" in the sense of bias, not injury, and thus does not address how the IJ's behavior hampered the submission of evidence or otherwise influenced the ultimate outcome of the proceeding.

There was no prejudice, in the sense of injury, in this case. *First,* unlike the cases that have found prejudice, *see, e.g., Colmenar,* 210 F.3d at 971; *Podio v. INS,* 153 F.3d 506, 510 (7th Cir.1998), the IJ never excluded testimony from Rodriguez or other witnesses. In fact, the IJ asked counsel if he had any further questions before she made a judgment. *Second,* the BIA independently reviewed Rodriguez's claim and concluded that he was not statutorily eligible for relief; Rodriguez does not challenge that determination here.

The petitioner has not demonstrated prejudice. We therefore **DENY** the petition for review.