

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2005

# Sandhu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sandhu v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3292
_____


ARJAN SINGH SANDHU,

Petitioner

v.

ALBERTO GONZALES[*], ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA;
SECRETARY OF DEPARTMENT OF
HOMELAND SECURITY,

Respondents

_____

Petition for Review of an Order of the Board of Immigration Appeals
(No. A71-484-745)

_____

ARGUED DECEMBER 15, 2004

BEFORE: NYGAARD and GARTH, Circuit Judges
and POLLAK[**], District Judge.


(Filed: April 12, 2005)

_____

*Caption amended pursuant to Rule 43(c), Fed. R. App. Pro.

** Honorable Louis H. Pollak, District Judge for the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

Richard D. Steel, Esq. (Argued)
Steel Rudnick & Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA 19103

Counsel for Petitioner

Emily A. Radford, Esq.
Douglas E. Ginsburg, Esq.
Allen W. Hausman, Esq.
John D. Williams, Esq.
Thomas H. Tousley, Esq. (Argued)
United States Department of Justice
Office of Immigration Litigation
Ben Franklin Station
P. O. Box 878
Washington, DC 20044

Counsel for Respondents

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Petitioner Arjan Singh Sandhu seeks review of a final order by the Board of

Immigration Appeals ("Board").  The Board denied Petitioner's application for asylum

and for adjustment of status.  We have jurisdiction pursuant to 8 U.S.C. § 1105a and deny

the petition for review.

I.

Petitioner is a native and citizen of India. Although not entirely clear because of conflicting testimony, it appears he was smuggled into the United States without inspection on April 18, 1991. The INS commenced deportation proceedings against Petitioner four years later, on April 18, 1995. He conceded deportability but filed for asylum, claiming that as a Sikh and a member of the All India Student Sikh Federation ("AISSF") he had been subject to repeated arrests, detention, and beatings in India on account of his religion and political opinion.

On April 26, 1996, the Immigration Judge ("IJ") found that Petitioner had not established a credible claim for asylum. During the pendency of his appeal to the Board, Petitioner moved to remand so that, based on the United States citizenship of his son, he might seek adjustment of status to that of a lawful permanent alien. The Board granted Petitioner's motion. On remand, the IJ found him statutorily ineligible for adjustment of status for giving false testimony in an effort to gain asylum. On appeal, the Board affirmed the IJ's adverse credibility finding and the finding that Petitioner gave false testimony. Moreover, the Board rejected Petitioner's claim that he had been denied due process by the IJ at his various hearings. In his petition for review presently before us, Petitioner challenges the adverse credibility determination and the finding that he gave false testimony. He also claims he has been deprived due process because the IJ questioned him vigorously at the first hearing and failed to afford him a hearing on adjustment of status.

II.

A.

An adverse credibility determination is a question of fact, which we review for substantial evidence. *Xie v. Ashcroft*, 359 F.3d 239, 243 (3d Cir. 2004). Under this deferential standard of review, we must uphold the agency's findings of fact unless "the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3rd Cir. 2001).

Because there are several material inconsistencies in Petitioner's testimony, substantial evidence supports the adverse credibility determination. First, Petitioner provided inconsistent information concerning the date on which he became a member of the AISSF. He initially testified that he joined in March 1998, but when he later gave contradictory testimony and was confronted with that testimony by the IJ, Petitioner changed his claim, insisting that he joined in December 1998. However, that statement then conflicted with the affidavit submitted by Petitioner's father, which stated that he joined in March 1998.[1] Second, Petitioner gave contradictory evidence concerning the events of the day in April 1990 on which he claims to have been arrested and beaten by the police. He testified before the IJ that he was preparing for a Sikh ceremony by stirring holy water when the police came in and arrested him. Yet in his asylum

---

1. Because Petitioner's claim for asylum is predicated on his political opinion, the circumstances concerning his membership in the political organization at issue, AISSF, are material.

application, Petitioner stated that he was lecturing on police atrocities at the time of his arrest. Third, Petitioner's testimony about his date of entry into the United States did not comport with the date of entry listed on various government forms he submitted. Finally, but significantly, the IJ found that photographs of an individual at a Sikh religious event, which Petitioner claimed were of him, were in fact that of another individual. To support this finding, the IJ provided a detailed analysis of the differences in facial features and bone structure between Petitioner and the man in the photograph. (App. at 103–05). Although Petitioner calls into question the validity of each of these pieces of evidence upon which the IJ based the adverse credibility finding, he has submitted no evidence that would compel us to reverse that finding. *See Abdille*, 242 F.3d at 483–84.

B.

Pursuant to 8 U.S.C. § 1255(a)(2), an alien is statutorily ineligible for adjustment of status if he is inadmissible to the United States for permanent residence. An alien who willfully misrepresents a material fact in an attempt to gain asylum is inadmissible. 8 U.S.C. § 1182(a)(6)(C)(i). Although an adverse credibility finding does not necessarily equate to a finding of false testimony, substantial evidence supports the IJ's finding that Petitioner gave false testimony in an attempt to obtain asylum, and thus is statutorily ineligible for adjustment as an inadmissible alien. Petitioner's testimony, which was both internally inconsistent and contradictory in relation to the documentary evidence he submitted, supports the Board's finding that Petitioner lied to the IJ.

Moreover, the IJ found that Petitioner was not the man in the photographs he submitted. Again, Petitioner has presented no evidence that would compel us to reverse the IJ's finding of false testimony. Under the substantial evidence standard we must therefore uphold it. *See Abdille*, 242 F.3d at 483–84.

## C.

Due process affords an alien the following at immigration hearings: (1) a factfinding based on a record produced before the decisionmaker; (2) the opportunity to make arguments on his behalf; and (3) an individualized determination of his interests. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Petitioner's due process claims are without merit. First, Petitioner's initial hearing before the IJ was full and fair. He was represented by counsel, who put on evidence and made arguments on his behalf. That the IJ engaged in questioning does not violate due process. IJs are specifically authorized to "interrogate, examine, and cross-examine the alien and any witness." 8 U.S.C. § 1229a(b). Moreover, Courts of Appeal addressing the issue have uniformly held that even aggressive interrogation by an IJ does not deprive an alien of due process. *E.g., Diallo v. Ashcroft*, 381 F.3d 687, 701 (7th Cir. 2004); *Antonio-Cruz v. I.N.S.*, 147 F.3d 1129, 1131 (9th Cir. 1998); *Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir. 1986). Second, although he styles it as an abuse of discretion, Petitioner's claim that he should have had a hearing on his adjustment of status motion is in fact a due process claim. It too lacks merit. Because he was statutorily

6

ineligible, a hearing on the issue would have been futile. Petitioner had an opportunity to challenge his statutory ineligibility at several hearings before both the Board and the IJ, and he did so, albeit without success. Simply because his arguments were not accepted by the decisionmakers does not mean Petitioner was denied due process. We therefore reject Petitioner's due process arguments.

## III.

The findings of fact in the present case are supported by substantial evidence, and Petitioner was not denied due process at either hearing before the IJ. Accordingly, the petition for review is denied.