Yongji QUAN, Petitioner,

v.

Alberto GONZALES, Attorney General,* Respondent.

No. 03–71810.
Agency No. A75–657–318.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2005.**

Decided May 12, 2005.

John L. Ogletree, Law Office of John L. Ogletree, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* FED. R.APP. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

MEMORANDUM***

 Petitioner Yongji Quan petitions for review of the Board of Immigration Appeals ("BIA") decision, which substantially adopted the Immigration Judge's ("IJ") written opinion that denied asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1] Quan argues that the IJ did not base her adverse credibility determination on substantial evidence and the IJ violated his due process rights. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition as to the asylum and withholding of removal claims; we vacate and remand the IJ's decision as to the CAT claim.

Substantial evidence supports the IJ's finding that Quan was not credible.[2] The discrepancies regarding the police beating and other deprivations that allegedly occurred during Quan's detention are substantial and bear a legitimate nexus to his claims for asylum and withholding of removal.[3] Accordingly, we deny the petition

with respect to Quan's asylum and withholding of removal claims.

 An adverse credibility determination does not necessarily preclude relief under the CAT.[4] In assessing the availability of relief under the CAT, the IJ must consider " 'all evidence relevant to the possibility of future torture,' " including country condition reports.[5] The IJ's opinion did not address country condition reports or news clippings that reported flagrant violations of human rights against Falun Gong practitioners. Instead, the IJ based her determination that Quan was ineligible for relief under the CAT solely on his incredible testimony. This was error. The IJ's failure to consider all available evidence requires that we vacate and remand the IJ's decision regarding relief under the CAT for full consideration.[6]

As to the due process challenge, the IJ's conduct did not prevent Quan from reasonably presenting his case.[7] Thus, the IJ did not violate Quan's due process rights.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Article 3 of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, provides, in part, that "[n]o State Party shall expel, return ... or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." United Nations Convention Against Torture and Other Cruel Inhuman, or Degrading Treatment or Punishment, Dec. 10, 1984, 23 I.L.M. 1027, 1028 (1984), modified in 24 I.L.M. 535 (1985). The United States adopted this policy in 1998. Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105–277, § 2242, 112 Stat. 2681, 2681–822 (1998); see note following 8 U.S.C. § 1231; see also, 8 C.F.R. §§ 208.16–208.18 (regulations implementing the United States' obligations under the CAT).

2. See *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998).

3. See *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (stating that even one inconsistency that is not minor can be sufficient to establish that the IJ's determination is based on substantial evidence).

4. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)). An adverse credibility determination alone can be sufficient to deny relief under the CAT only if the petitioner presented no additional evidence beyond his incredible testimony. See *Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

5. *Kamalthas*, 251 F.3d at 1282 (quoting 8 C.F.R. § 208.16(c)(3)) (emphasis omitted).

6. See *id.* at 1284.

7. See *Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998).

Accordingly, we deny the petition with respect to the asylum and withholding of removal claims; we vacate and remand the IJ's decision with respect to the CAT claim.

PETITION DENIED IN PART; GRANTED IN PART AND REMANDED.