**Alejandro Javier SOLIS–UMANA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74032.

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2006.*

Decided July 28, 2006.

Robert B. Schneider, Law Offices of Robert B. Schneider, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto H, Molina, Jr., Anthony P. Nicastro, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto H, Molina, Jr., Anthony P. Nicastro, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Alejandro Javier Solis–Umana, a native and citizen of Costa Rica, petitions for review of the Board of Immigration Appeals' affirmance without opinion of the Immigration Judge's ("IJ") order denying his request for cancellation of removal. We deny the petition.

The Government argues that Solis–Umana cannot bring a cognizable procedural due process claim in connection with his removal hearing because he has no protected liberty interest in obtaining the ultimate relief sought: the favorable exercise of the Attorney General's discretion in cancelling removal. It is well settled in this circuit, however, that aliens have a right to a full and fair removal hearing and may bring procedural due process claims alleging that they were denied this right. *See Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 380 (9th Cir.2003) (en banc). Accordingly, we proceed to the merits of Solis–Umana's claim.

Solis–Umana has failed to show that the IJ's conduct violated his due process rights. There is no evidence that the IJ was predisposed to deny Solis–Umana re-

lief from removal. His manner of questioning Solis–Umana, while arguably snide and sarcastic at times, did not rise to the level of a procedural due process violation. *Cf. Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998); *Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir.2003). The IJ also did not prevent Solis–Umana from presenting the testimony of his two witnesses. Rather, Solis–Umana's own counsel voluntarily proffered the witnesses' written statements in lieu of oral testimony, acknowledging that oral testimony would be unnecessary and cumulative. *Cf. Kaur v. Ashcroft,* 388 F.3d 734, 737 (9th Cir.2004). Moreover, even if the IJ had violated his procedural due process rights, Solis–Umana has not shown that these alleged violations prejudiced him by potentially affecting the outcome of the proceedings. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002). In short, the IJ did not deprive Solis–Umana of a full and fair removal hearing.

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.