**Jose Enrique Marin AGUILAR; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74116.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Alma Cobos–Ayala, Law Offices of Cobos & Ayala, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Jose Enrique Marin Aguilar, a native and citizen of Mexico, and his wife, Elsa Odilia Garcia, a native and citizen of Guatemala, petition for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

Petitioners' contention that the IJ was biased is unavailing because they did not establish either a violation of the Due Process Clause or the prejudice necessary to obtain relief. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (due process violation requires showing both that "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case" and prejudice) (citation and quotation marks omitted); *Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

