MEMORANDUM **
Berta Zaharian, a citizen of Turkmenistan, petitions for review of the Board of Immigration Appeals’ order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.
Substantial evidence supports the agency’s finding of no past persecution because the detention and harm suffered by Zaharian do not rise to the level of persecution. See Gu v. Gonzales, 454 F.3d 1014, 1020 (9th Cir.2006) (arrest, beating, and three-day detention after which petitioner returned to job as government employee, did not constitute past persecution). Substantial evidence also supports the agency’s determination that Zaharian has not established an objective well-founded fear of future persecution based on her religion because there is no evidence that the government is continuing to look for her and the State Department reports do not indicate that religious minorities in Turkmenistan are subject to persecution. See Molina-Estrada v. INS, 293 F.3d 1089, 1096 (9th Cir.2002).
Because Zaharian failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. See Zehatye, 453 F.3d at 1190.
Substantial evidence supports the agency’s denial of CAT relief because Zaharian failed to show it is more likely than not that she will be tortured if she returns to Turkmenistan. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
Finally, the record does not support Zaharian’s contention that the IJ improperly questioned her concerning her religion, see Antonio-Cruz v. INS, 147 F.3d 1129, 1131 (9th Cir.1998), or improperly relied on Za *129 harian’s lengthy employment to deny relief.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.