**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR BRAVO GOMEZ, aka Isabel Franco Perea,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 14-71178<br><br>Agency No. A095-787-342<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2018[**]
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Nickie Bravo-Gomez, previously known as Victor Bravo-Gomez, appeals an order of the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ") denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the BIA's factual findings, including adverse credibility determinations, for substantial evidence. Ai Jun Zhi v. Holder, 751 F.3d 1088, 1091 (9th Cir. 2014). A finding is not supported by substantial evidence when "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1059 (9th Cir. 2017) (quoting Zhi, 751 F.3d at 1091) (internal quotation marks omitted). Legal conclusions are reviewed *de novo*. Id.

1. The BIA's adverse credibility determination is supported by substantial evidence. The BIA relied in part on the inconsistencies in Ms. Bravo-Gomez's descriptions of an attack that allegedly occurred in February of 2011. She first stated that she was attacked by one man inside a club, but later stated that she was attacked by two men outside of the club. The BIA's reliance on these material inconsistencies is sufficient to support its adverse credibility determination. Lianhua Jiang v. Holder, 754 F.3d 733, 738–39 (9th Cir. 2014). Because one

inconsistency is enough to support an adverse credibility finding, we need not examine the remaining grounds identified by the BIA. Id.

2. The BIA did not err in finding insufficient corroborating evidence to overcome the IJ's adverse credibility determination. None of the proffered evidence corroborates the February 2011 attack in sufficient detail. Because the IJ did not find Ms. Bravo-Gomez's testimony credible, she was not entitled to notice and opportunity to obtain such evidence. See Bhattarai v. Lynch, 835 F.3d 1037, 1043 (9th Cir. 2016) ("The notice-and-opportunity requirement applies when the applicant's testimony is 'otherwise credible.'" (quoting Ren v. Holder, 648 F.3d 1079, 1090 (9th Cir. 2011))).

3. Because the adverse credibility determination is supported by substantial evidence and is sufficient to deny the asylum and withholding of removal claims, we need not reach the BIA's alternate ruling that relief is not warranted because Ms. Bravo-Gomez could relocate in Mexico. Shrestha v. Holder, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010).

4. The BIA did not err in ruling that the IJ acted as a neutral fact-finder. Ms. Bravo-Gomez's contention that the IJ erred by peppering her with questions during direct and cross-examination is contrary to law, which explicitly allows IJs to question witnesses. 8 U.S.C. § 1229a(b)(1); Antonio-Cruz v. INS, 147 F.3d

1129, 1131 (9th Cir. 1998).  Further, even if the IJ exhibited bias toward Ms. Bravo-Gomez, the record supports the denial of her claims for asylum and withholding of removal and thus there was no prejudice, which is required to succeed on a due process claim.  Lianhua Jiang, 754 F.3d at 741.

5.  The BIA erred, however, by not applying the proper legal standards to its analysis of Ms. Bravo-Gomez's claim for relief under CAT.  CAT claims are "analytically separate" from asylum claims.  Kamalthas v. INS, 251 F.3d 1279, 1283 (9th Cir. 2001).  It is not clear from the BIA's order—wherein the BIA affirms the IJ's CAT finding in a single, conclusory sentence—that the Board considered the factors in 8 C.F.R. § 1208.16 (c)(3) as required. Moreover, the BIA incorrectly placed the burden on Ms. Bravo-Gomez to establish that relocation in Mexico would be impossible.  See Maldonado v. Lynch, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (holding that § 1208.16(c)(2) "does not place a burden on an applicant to demonstrate that relocation within the proposed country of removal is impossible").  And the adverse credibility determination alone does not require denial of CAT protection, because  "[i]t is well established that . . . an adverse credibility finding does not always bar CAT relief."  Enying Li v. Holder, 738 F.3d 1160, 1167 n.6 (9th Cir. 2013).

4

Therefore, we **DENY** Ms. Bravo-Gomez's petition for relief as to asylum and withholding of removal, but **GRANT** the petition as to the CAT claim and remand to the BIA for further proceedings.

Petition **DENIED** in part and **GRANTED** in part **and REMANDED.** The parties shall bear their own costs on appeal.