NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY YE,

            Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.    20-71148

Agency No. A023-781-126

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2021**
Pasadena, California

Before:  MURGUIA, BADE, and LEE, Circuit Judges.

    May Ye, a native and citizen of Cambodia, challenges the denial of his

motion to reopen and the Board of Immigration Appeals' ("BIA") dismissal of

Ye's appeal of an immigration judge's ("IJ") denial of sua sponte reopening.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  Because the BIA adopted the IJ's

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

decision under *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and provided its own reasoning, "we review both the IJ's and the BIA's decisions." *See Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We deny the petition in part and dismiss it in part.

1.    Ye asserts that the denial of his motion to reopen as untimely was erroneous. We review the denial of a motion to reopen for abuse of discretion. *Luna v. Holder*, 659 F.3d 753, 758 (9th Cir. 2011). Ye sought reopening based on the successful withdrawal of the guilty plea that he entered in 2005 for violation of section 69.50.401 of the Revised Code of Washington, which resulted in the conviction that made him removable.

Both the BIA and IJ applied the correct legal standard and did not err in concluding that Ye is not entitled to equitable tolling because the record supports that he failed to show he acted with due diligence. *See Lona v. Barr*, 958 F.3d 1225, 1230, 1232 (9th Cir. 2020). Ye did not sufficiently explain why he waited approximately eight years to move to withdraw his guilty plea. While Ye asserts that Washington law required that he wait about fifteen years after he pleaded guilty in 2005 to seek vacation of the conviction, Ye did not ultimately seek to vacate his conviction under Washington law. Instead, in 2018, he sought withdrawal of his guilty plea under *Padilla v. Kentucky*, 559 U.S. 356 (2010), and Ye failed to articulate how Washington law affected his ability do so.

2

Accordingly, we deny this portion of the petition because the record supports that Ye is not entitled to equitable tolling, rendering his motion to reopen untimely.

2.      Ye also argues that the IJ violated his due process rights by stating that he could not "ignore [the] reality that it is much easier to persuade a judge to vacate a conviction some thirteen years after the fact." However, Ye does not clearly articulate how this comment violated his due process rights or establish that any prejudice arose from the comment. *See Antonio-Cruz v. I.N.S.*, 147 F.3d 1129, 1131 (9th Cir. 1998). We discern nothing from the IJ's decision that suggests that the comment affected the IJ's determination that Ye's motion to reopen was untimely. Indeed, the comment was made in the context of the IJ's denial of sua sponte reopening, not his denial of the motion to reopen. As discussed, the IJ did not abuse his discretion in denying the motion to reopen as untimely because the record amply supports that Ye failed to demonstrate entitlement to equitable tolling.

3.      Finally, Ye contends that the BIA erred in upholding the IJ's denial of sua sponte reopening. Our jurisdiction to review the denial of sua sponte reopening extends only "to instances where the agency misconstrues the parameters of its sua sponte authority based on legal or constitutional error and, as a consequence, does not truly exercise its discretion." *Lona*, 958 F.3d at 1237 (citation omitted). It is not "apparent on the face" of the decisions of the BIA or

the IJ that either misunderstood that the decision to grant sua sponte reopening under 8 C.F.R. § 1003.23(b)(1) is discretionary.[1] *See id.* at 1234. We therefore lack jurisdiction to review the denial of sua sponte reopening and dismiss this portion of the petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1] The Department of Justice amended 8 C.F.R. § 1003.23(b)(1), and the amended version became effective on January 15, 2021. Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,588, 81588, 81,655 (Dec. 16, 2020). However, we apply the regulation as it existed "at the time of the BIA's decision," which was issued on May 26, 2020. *See Rubalcaba v. Garland*, No. 17-70845, 2021 WL 2214087, at *4 n.5 (9th Cir. June 2, 2021).