**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NUVIA ESMERALDA SOLIS-BRONFIELD,<br><br>          Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.   21-70211<br><br>Agency No. A206-225-682<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021[**]
Seattle, Washington

Before:  McKEOWN, MILLER, and BADE, Circuit Judges.

Nuvia Solis-Bronfield seeks review of the Board of Immigration Appeals

("BIA") decision dismissing her appeal of the Immigration Judge's ("IJ") decision

that she lacked credibility and was not eligible for relief from removal.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we review both the BIA and IJ decisions, including adverse credibility determinations, under the substantial evidence standard. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Solis-Bronfield lacked credibility, due to: (1) her inconsistent testimony with respect to the dates of her cousin's murder and the dates she worked at a restaurant owned by Hugo Galdamez (allegedly a narcotics trafficker who threatened to kill her); (2) other factual inconsistencies in her testimony; and (3) the IJ's statement as to Solis-Bronfield's demeanor. Although Solis-Bronfield attempted to explain her inconsistencies by asserting her nervousness and confusion, the IJ reasonably rejected these explanations as "implausible," especially because the date of the murder was "a very, very significant date." The record does not compel the conclusion that Solis-Bronfield's testimony was credible.

Solis-Bronfield argues that the IJ violated her right to due process by "rel[ying] on her own speculation about facts not in evidence (i.e. an extrajudicial source) to impute a malicious motive to Ms. Solis Bronfield." The IJ's behavior did not violate Solis-Bronfield's due process right. *See Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998). In the absence of evidence of "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky v. United States*,

510 U.S. 540, 555 (1994), we deny Solis-Bronfield's petition on this ground as well.

The agency had jurisdiction over Solis-Bronfield's removal proceedings, in spite of a defective Notice to Appear ("NTA"). Jurisdiction vests with a defective NTA, "so long as a notice of hearing specifying [time and place] is later sent to the alien." *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (internal quotation marks omitted). Solis-Bronfield was subsequently served with a notice specifying the time, date, and place of her hearing, so jurisdiction vested.

**PETITION DENIED.**