NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAULIO PALERMO-HERNANDEZ, AKA Bravilio Hernandez, AKA Bravlio Palermo Hernandez, AKA Bravilio Palermo-Hernandez, AKA Bravlio Palermo-Hernandez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-72219 <br><br> Agency No. A205-297-186 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2022[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and SANCHEZ, Circuit Judges.

Petitioner Braulio Palermo-Hernandez, a native citizen of Mexico who has

resided within the United States since 2002, petitions for review of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("Board") decision dismissing his appeal from an immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Palermo-Hernandez also appeals the Board's determination that the immigration judge had not prejudged his case in violation of due process. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The immigration judge found that Palermo-Hernandez's asylum application was time-barred. *See* 8 U.S.C. § 1158(A)(2)(b). Palermo-Hernandez did not challenge before the Board the immigration judge's determination that his asylum claim was untimely and has therefore failed to exhaust the issue. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if— (1) the alien has exhausted all administrative remedies available to the alien as of right ...."). We are precluded from considering his claim for asylum. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We review the denial of withholding of removal and CAT relief for substantial evidence, meaning that "[t]o reverse the [Board], we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (internal quotation marks and citation omitted).

2

Withholding of removal requires a "showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal." *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020); 8 C.F.R. § 208.16(d). Substantial evidence supports the Board's determination that Palermo-Hernandez did not suffer past persecution based on a single punch to the nose while trying to maintain order at a festival, and one or two death threats in a separate encounter that resulted in no physical harm to petitioner or his family. Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive," *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998), and threats unaccompanied by violence or injury generally do not rise to the level of past persecution. *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000).

Next, Palermo-Hernandez bore the burden of demonstrating by objective evidence that it is more likely than not he would be subject to persecution upon deportation. *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010). An applicant does not qualify for withholding of removal if an immigration officer finds that the "applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. §§ 208.16(b)(1)(i)(B), 208.16(b)(2); *see Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020). The record establishes that Palermo-Hernandez and his family

relocated to Mexico City without incident for twelve to thirteen years before leaving for the United States. Although Palermo-Hernandez points to certain questions posed to his wife in 2012 about his whereabouts as evidence of a future threat to his safety, the Board determined that these inquiries were "vague" and insufficient to establish an objectively well-founded fear. Nothing in the record compels a contrary conclusion. In short, substantial evidence supports the Board's determination that Palermo-Hernandez failed to establish a clear probability of future persecution to qualify for withholding of removal.[1]

To qualify for protection under CAT, Palermo-Hernandez must demonstrate that he would more likely than not be tortured by government actors, or tortured with the acquiescence of government actors, if returned to the proposed country of removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Substantial evidence supports the Board's determination that Palermo-Hernandez had not been tortured by any government actor and he had not shown that any government official would seek to torture him or "turn a blind eye" to any torture at the hands of a private actor. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (citation

---

[1] The Board additionally determined that Palermo-Hernandez did not qualify for withholding of removal because he did not establish that the prior incidents rose to the level of persecution. We need not resolve this claim because Palermo-Hernandez failed to establish that any persecution he might face due to this status could not be avoided by relocating internally within the country. 8 C.F.R. § 208.16(b)(3).

omitted).

Finally, Palermo-Hernandez contends that the immigration judge may have violated his due process rights by prejudging his case, and the Board's review of this claim lacked sufficient analysis or reasoning. We review due process claims regarding deportation proceedings de novo. *Antonio-Cruz v. INS.*, 147 F.3d 1129, 1131 (9th Cir. 1998) (citing to *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir.1994)). While petitioner adopts a strained view of the record to support his claim of bias, we need not resolve this due process challenge because here, "the factual record adequately supports the denial of an alien's application for relief," and "we cannot find that [any] alleged bias held by the IJ was the basis for the denial of the application." *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (internal citations omitted).

**PETITION DENIED**.