**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARINE MARTIROSYAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1684

Agency No. A079-264-024

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2023[**]
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN, District
Judge.[***]

Karine Martirosyan, a native and citizen of Armenia, petitions for review

of a final decision by the Board of Immigration Appeals ("BIA") dismissing her

appeal from the Immigration Judge's ("IJ") order denying her application for

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), application for adjustment of status, and waiver of inadmissibility, and finding that she filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. Martirosyan waived any challenges to the agency's denial of asylum, withholding of removal, CAT protection, adjustment of status, inadmissibility waiver, and the agency's frivolous asylum application finding by failing to present arguments on those matters in her opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

2. The IJ found that Martirosyan knowingly made a frivolous application for asylum by submitting a counterfeit birth certificate in support of her asylum application despite having received notice of the consequences of doing so. *See* Immigration and Nationality Act (INA) § 208(d)(6); 8 C.F.R. § 1208.20(a). At her removal hearing, the IJ probed the inconsistencies in her testimony regarding her identity and multiple birth certificates. Although Martirosyan does not challenge the IJ's frivolousness finding, she contends she was deprived of due process and the right to a neutral factfinder in her removal proceedings. She points to a few instances in which the IJ questioned Martirosyan to resolve discrepancies in her testimony. This does not reflect prejudgment or bias from the IJ, and the due process clause does not prevent an

IJ from examining a witness. *Antonio-Cruz v. I.N.S.,* 147 F.3d 1129, 1131 (9th Cir. 1998) (rejecting a due process claim premised even when an IJ had conducted "the lion's share of cross-examination" in a "harsh manner and tone").

3. We reject Martirosyan's contention that the transcript provided by the agency violated Federal Rule of Appellate Procedure 17, and that her case should be remanded to allow her to testify again. Although some portions of the transcript contain the word "indiscernible," Martirosyan has not shown that "a better translation would have made a difference in the outcome of the hearing." *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) ("[T]he dissatisfied party bears the burden of ensuring that translations and their transcription are correct and, if they are not, of properly raising the issue to the reviewing body or court."). Furthermore, the IJ provided Martirosyan with several opportunities to redo her testimony and complete the record. We cannot conclude that a better translation would have resulted in a different outcome to her removal proceedings.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**

22-1684